Mr. Craig Douglass Arkansas First Committee 2848 First Commercial Bldg. 400 West Capitol Little Rock, AR 72201
Dear Mr. Douglass:
This is in response to your request, received by this office on April 13, 1994, for approval and certification of the following popular name and ballot title, pursuant to A.C.A.7-9-107 (1993 Repl.):
(Popular Name)
 ARKANSAS STATE LOTTERY, BINGO, PARI-MUTUEL WAGERING AND ADDITIONAL RACETRACK WAGERING REGULATORY AMENDMENT
(Ballot Title)
 A PROPOSED AMENDMENT TO THE ARKANSAS CONSTITUTION AUTHORIZING THE STATE OF ARKANSAS TO CONDUCT A STATE LOTTERY, INCLUDING A STATE LOTTERY IN CONJUNCTION WITH LOTTERIES IN OTHER STATES; CREATING A FIVE-MEMBER ARKANSAS STATE LOTTERY COMMISSION APPOINTED BY THE GOVERNOR TO ADMINISTER THE STATE LOTTERY; PRESCRIBING THE QUALIFICATIONS, TERMS OF OFFICE AND POWERS AND DUTIES OF COMMISSION MEMBERS; PROVIDING THAT THE GOVERNOR SHALL APPOINT AN EXECUTIVE DIRECTOR OF THE STATE LOTTERY TO MANAGE THE OPERATION OF THE STATE LOTTERY UNDER THE SUPERVISION OF THE COMMISSION; AND
 ALLOCATING THE TOTAL ANNUAL REVENUES FROM SALES OF LOTTERY TICKETS AS NEAR AS REASONABLY PRACTICAL AS FOLLOWS: 50% TO PRIZES, 34% TO REVENUES RETURNED TO THE PUBLIC TO BENEFIT CRIME PREVENTION AND PUBLIC SCHOOLS, 11% TO THE EXPENSES OF OPERATING THE STATE LOTTERY, AND 5% TO COMMISSION ON TICKET SALES; AUTHORIZING NON-PROFIT, TAX-EXEMPT CHARITABLE, RELIGIOUS AND CIVIC ORGANIZATIONS WHICH HAVE BEEN LICENSED BY THE STATE TO CONDUCT BINGO GAMES AND RAFFLES; PRESCRIBING THE QUALIFICATIONS OF THE PERSONS AND ORGANIZATIONS CONDUCTING BINGO GAMES OR RAFFLES; LIMITING THE ALLOWABLE EXPENSES AND COMPENSATION ASSOCIATED WITH A BINGO GAME OR RAFFLE; AND PROVIDING THAT ALL NET RECEIPTS OVER AND ABOVE THE ACTUAL COST OF CONDUCTING A BINGO GAME OR RAFFLE SHALL BE USED ONLY FOR CHARITABLE, RELIGIOUS OR PHILANTHROPIC PURPOSES; AUTHORIZING A PARI-MUTUEL FRANCHISEE TO CONDUCT PARI-MUTUEL WAGERING, INCLUDING SIMULCASTING AND MERGED-POOL WAGERING, ON HORSES IN GARLAND COUNTY, ARKANSAS, AND A PARI-MUTUEL FRANCHISEE TO CONDUCT PARI-MUTUEL WAGERING, INCLUDING SIMULCASTING AND MERGED-POOL WAGERING, ON GREYHOUNDS IN CRITTENDEN COUNTY, ARKANSAS; AND PROVIDING THAT HORSE RACING AND GREYHOUND RACING AND PARI-MUTUEL WAGERING THEREON SHALL NOT CONSTITUTE A LOTTERY AND SHALL BE REGULATED BY THE GENERAL ASSEMBLY; AUTHORIZING PARI-MUTUEL FRANCHISEES TO CONDUCT ADDITIONAL RACETRACK WAGERING ON OR ADJACENT TO THE SITES WHERE HORSE RACING IS CONDUCTED IN GARLAND COUNTY, ARKANSAS, AND WHERE GREYHOUND RACING IS CONDUCTED IN CRITTENDEN COUNTY, ARKANSAS; DEFINING "ADDITIONAL RACETRACK WAGERING" AS WAGERING ON GAMES OF CHANCE OR SKILL CONDUCTED BY MECHANICAL, ELECTRICAL, ELECTRONIC OR ELECTRO-MECHANICAL DEVICES AND TABLE GAMES; PROVIDING THAT ADDITIONAL RACETRACK WAGERING SHALL NOT BE LIMITED TO THE TIMES WHEN RACING IS BEING CONDUCTED AND SHALL NOT CONSTITUTE A LOTTERY; RENAMING THE ARKANSAS RACING COMMISSION AS THE ARKANSAS RACING AND WAGERING COMMISSION;
 EXPANDING THE COMMISSION BY TWO ADDITIONAL MEMBERS TO BE APPOINTED BY THE GOVERNOR AND SETTING THEIR TERMS OF OFFICE; AUTHORIZING THE COMMISSION TO REGULATE ADDITIONAL RACETRACK WAGERING; PROVIDING THAT THE COMMISSION SHALL ADOPT EMERGENCY REGULATIONS BEFORE JANUARY 1, 1995 TO ENSURE THAT ADDITIONAL RACETRACK WAGERING MAY BEGIN AT THAT TIME; AND PROVIDING THAT THE PROVISIONS OF THE AMENDMENT PERTAINING TO ADDITIONAL RACETRACK WAGERING SHALL BE SELF-EXECUTING; PROVIDING THAT A TAX SHALL BE ESTABLISHED ON NET ADDITIONAL RACETRACK WAGERING REVENUES EQUAL TO 8% TO BE PAID TO THE STATE OF ARKANSAS, 1/2 OF 1% TO BE PAID TO THE COUNTY IN WHICH THE PARI-MUTUEL FRANCHISEE IS OPERATING, AND 1% TO BE PAID TO THE CITY IN WHICH THE PARI-MUTUEL FRANCHISEE IS OPERATING; AUTHORIZING THE GENERAL ASSEMBLY TO AMEND SUCH TAX RATES BY A THREE-FOURTHS VOTE OF EACH HOUSE; DEDICATING 20% OF SUCH TAXES PAID TO THE STATE TO THE ARKANSAS DEPARTMENT OF PARKS AND TOURISM AND THE ARKANSAS INDUSTRIAL DEVELOPMENT COMMISSION; PROVIDING THAT NO OTHER TAXES OR FEES SHALL BE LEVIED ON ADDITIONAL RACETRACK WAGERING OR ON A PARI-MUTUEL FRANCHISEE WITH RESPECT TO ITS ADDITIONAL RACETRACK WAGERING ACTIVITIES; AND THAT THE TAX ON PARI-MUTUEL WAGERING INVOLVING HORSE RACING OR GREYHOUND RACING SHALL BE DETERMINED BY THE GENERAL ASSEMBLY; AUTHORIZING SUCH OTHER WAGERING ACTIVITIES AS MAY BE APPROVED BY THE VOTERS AT THE GENERAL ELECTION OF NOVEMBER 8, 1994 IN A SEPARATE AMENDMENT OR AMENDMENTS TO THE CONSTITUTION; AND PROHIBITING ALL WAGERING ACTIVITIES OTHER THAN THOSE AUTHORIZED BY THIS AMENDMENT; DEFINING CERTAIN TERMS USED IN THE AMENDMENT; AUTHORIZING THE GENERAL ASSEMBLY TO IMPLEMENT THE AMENDMENT WITH RESPECT TO THE STATE LOTTERY, BINGO AND RAFFLES; PROVIDING THAT ALL CONSTITUTIONAL PROVISIONS AND LAWS IN CONFLICT WITH THE AMENDMENT ARE REPEALED TO THE EXTENT OF THE CONFLICT; PROVIDING THAT THE AMENDMENT SHALL BECOME OPERATIVE UPON APPROVAL BY THE VOTERS; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or constitutional amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucus v. Riviere, 283 Ark. 463,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72
(1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219,223, 226, 604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection.'" Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990), citing Gaines v. McCuen,296 Ark. 513, 758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71
(1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104
(1960).
Applying these precepts, it is my conclusion that the following popular name should be substituted for the one you have submitted:
(Popular Name)
 AN AMENDMENT TO AUTHORIZE A STATE LOTTERY, NONPROFIT BINGO, PARI-MUTUEL WAGERING AND ADDITIONAL GAMES OF CHANCE AT RACETRACK SITES
It is also my opinion that the following ballot title should be substituted for the one you have submitted:
(Ballot Title)
 A PROPOSED AMENDMENT TO THE ARKANSAS CONSTITUTION AUTHORIZING ARKANSAS TO ESTABLISH A STATE LOTTERY, TO BE CONDUCTED BY THE STATE OR BY THE STATE IN CONJUNCTION WITH LOTTERIES IN OTHER STATES; CREATING A FIVE-MEMBER STATE LOTTERY COMMISSION APPOINTED BY THE GOVERNOR TO ADMINISTER THE LOTTERY; PRESCRIBING THE QUALIFICATIONS AND TERMS OF OFFICE OF COMMISSION MEMBERS AND THE POWERS AND DUTIES OF THE COMMISSION; AUTHORIZING THE GOVERNOR TO REMOVE MEMBERS OF THE COMMISSION FOR CAUSE; REQUIRING THE GOVERNOR TO APPOINT AN EXECUTIVE DIRECTOR OF THE STATE LOTTERY TO MANAGE THE OPERATION OF THE LOTTERY UNDER THE COMMISSION'S SUPERVISION; REQUIRING THE COMMISSION TO ALLOCATE THE TOTAL ANNUAL REVENUES FROM SALES OF LOTTERY TICKETS AS NEAR AS REASONABLY PRACTICAL AS FOLLOWS: 50% TO PRIZES, 34% TO REVENUES RETURNED TO THE PUBLIC TO BENEFIT CRIME PREVENTION AND PUBLIC SCHOOLS THROUGH APPROPRIATIONS BY THE GENERAL ASSEMBLY, 11% TO THE EXPENSES OF OPERATING THE STATE LOTTERY, AND 5% TO COMMISSION ON TICKET SALES; PROHIBITING THE IMPOSITION OF STATE OR LOCAL TAXES UPON THE SALE OF LOTTERY TICKETS; AUTHORIZING NON-PROFIT, TAX-EXEMPT CHARITABLE, RELIGIOUS AND CIVIC ORGANIZATIONS WHICH HAVE BEEN LICENSED BY THE STATE TO CONDUCT BINGO GAMES AND RAFFLES; PRESCRIBING THE QUALIFICATIONS OF THE PERSONS AND ORGANIZATIONS CONDUCTING BINGO GAMES OR RAFFLES; LIMITING THE ALLOWABLE EXPENSES AND COMPENSATION ASSOCIATED WITH A BINGO GAME OR RAFFLE; REQUIRING ALL NET RECEIPTS OVER AND ABOVE THE ACTUAL COST OF CONDUCTING A BINGO GAME OR RAFFLE TO
 BE USED FOR CHARITABLE, RELIGIOUS OR PHILANTHROPIC PURPOSES; AUTHORIZING A PARI-MUTUEL FRANCHISEE TO CONDUCT PARI-MUTUEL WAGERING, INCLUDING SIMULCASTING AND MERGED-POOL WAGERING, ON HORSES IN GARLAND COUNTY, ARKANSAS, AND A PARI-MUTUEL FRANCHISEE TO CONDUCT PARI-MUTUEL WAGERING, INCLUDING SIMULCASTING AND MERGED-POOL WAGERING, ON GREYHOUNDS IN CRITTENDEN COUNTY, ARKANSAS; PROVIDING THAT HORSE RACING AND GREYHOUND RACING AND PARI-MUTUEL WAGERING THEREON SHALL NOT CONSTITUTE A LOTTERY AND SHALL BE REGULATED BY THE GENERAL ASSEMBLY; AUTHORIZING PARI-MUTUEL FRANCHISEES TO CONDUCT ADDITIONAL WAGERING ON OR ADJACENT TO THE SITES WHERE HORSE RACING IS CONDUCTED IN GARLAND COUNTY, ARKANSAS, AND WHERE GREYHOUND RACING IS CONDUCTED IN CRITTENDEN COUNTY, ARKANSAS; DEFINING THIS "ADDITIONAL RACETRACK WAGERING" AS WAGERING ON GAMES OF CHANCE OR SKILL CONDUCTED BY MECHANICAL, ELECTRICAL, ELECTRONIC OR ELECTROMECHANICAL DEVICES AND TABLE GAMES; PROVIDING THAT THIS ADDITIONAL RACETRACK WAGERING SHALL NOT BE LIMITED TO WHEN RACING IS BEING CONDUCTED AND SHALL NOT CONSTITUTE A LOTTERY; RENAMING THE ARKANSAS RACING COMMISSION THE ARKANSAS RACING AND WAGERING COMMISSION; EXPANDING THE COMMISSION BY TWO MEMBERS TO BE APPOINTED BY THE GOVERNOR AND SETTING THEIR TERMS OF OFFICE; AUTHORIZING THE COMMISSION TO REGULATE THE ADDITIONAL RACETRACK WAGERING; PERMITTING ONLY TYPES OF WAGERING REQUESTED BY THE PARI-MUTUEL FRANCHISEE AND APPROVED BY THE COMMISSION; REQUIRING THE COMMISSION TO ADOPT EMERGENCY REGULATIONS BEFORE JANUARY 1, 1995 SO THE ADDITIONAL RACETRACK WAGERING MAY BEGIN AT THAT TIME; ESTABLISHING A TAX ON NET ADDITIONAL RACETRACK WAGERING REVENUES EQUAL TO 8% TO BE PAID TO THE STATE, 1/2 OF 1% TO BE PAID TO THE COUNTY IN WHICH THE PARI-MUTUEL FRANCHISEE IS OPERATING, AND 1% TO BE PAID TO THE CITY IN WHICH THE PARI-MUTUEL FRANCHISEE IS OPERATING; AUTHORIZING THE GENERAL ASSEMBLY TO AMEND SUCH TAX RATES BY A THREE-FOURTHS VOTE OF EACH HOUSE; DEDICATING 20% OF
 THE TAXES PAID TO THE STATE TO THE ARKANSAS DEPARTMENT OF PARKS AND TOURISM AND THE ARKANSAS INDUSTRIAL DEVELOPMENT COMMISSION; PROHIBITING THE LEVY OF OTHER TAXES OR FEES ON ADDITIONAL RACETRACK WAGERING OR ON A PARI-MUTUEL FRANCHISEE WITH RESPECT TO ITS ADDITIONAL RACETRACK WAGERING ACTIVITIES; REQUIRING THE GENERAL ASSEMBLY TO DETERMINE THE TAX ON PARI-MUTUEL WAGERING INVOLVING HORSE RACING OR GREYHOUND RACING; DECLARING THE PROVISIONS OF THE AMENDMENT PERTAINING TO ADDITIONAL RACETRACK WAGERING TO BE SELF-EXECUTING; AUTHORIZING OTHER WAGERING ACTIVITIES APPROVED BY THE VOTERS AT THE GENERAL ELECTION OF NOVEMBER 8, 1994 IN A SEPARATE AMENDMENT OR AMENDMENTS TO THE CONSTITUTION; PROHIBITING ALL WAGERING ACTIVITIES OTHER THAN THOSE AUTHORIZED BY THIS AMENDMENT; DEFINING CERTAIN TERMS USED IN THE AMENDMENT; AUTHORIZING THE GENERAL ASSEMBLY TO IMPLEMENT THE AMENDMENT WITH RESPECT TO THE STATE LOTTERY, BINGO AND RAFFLES; REPEALING ALL CONSTITUTIONAL PROVISIONS AND LAWS TO THE EXTENT THEY CONFLICT WITH THE AMENDMENT; RENDERING THE PROVISIONS OF THE AMENDMENT SEVERABLE; DECLARING THE AMENDMENT OPERATIVE UPON APPROVAL BY THE VOTERS.
Pursuant to A.C.A. 7-9-108 (1993 Repl.), instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosure